UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS GALARZA : | |
| : | PRISONER |
| v. : | Case No. 3:09cv1453 (VLB) |
| : | |
| PETER MURPHY : | |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He states that he is not challenging his conviction.  Instead he argues that the state courts are preventing him from challenging his conviction in state court by refusing to entertain his state case seeking a new trial.  He seeks an order directing the state court to entertain his case.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The federal habeas statutes enable prisoners to challenge their convictions or confinements on the ground that their custody is in violation of the U.S. Constitution or federal laws.  28 U.S.C. § 2254(a).

A state habeas corpus proceeding is a form of collateral, as opposed to direct, review.  No constitutional provision or federal law entitles petitioner to any state collateral review.  See Murray v. Giarratano, 492 U.S. 1, 7-8 (1989) (noting

that states have no obligation to provide post-conviction relief).  Thus, an alleged error in a state collateral post-conviction proceeding is not cognizable in a federal habeas corpus action.[1]

The petitioner alleges that he is being denied access to the courts and due process as a result of the delay in the state collateral proceedings.  Even if the claim were cognizable and the petitioner were to prevail on this claim, it would not result in his release from custody.  An inordinate delay in state court proceedings[2] might entitle the petitioner to waiver of the requirement that he exhaust his state court remedies by pursuing in state court any ground for relief in his federal habeas petition, but would not warrant immediate release.  Any other result would nullify a state conviction for reasons unrelated to the merits of the criminal prosecution.  See Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990) (acknowledging that delay could excuse compliance with federal exhaustion requirement but not determining any precise length of time); see also Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986) (noting that decision in

---

[1] Although the Second Circuit has not considered whether a state prisoner can challenge deficiencies in a state collateral proceeding in a federal habeas corpus action, nearly every other circuit considering the issue has held that such a challenge is not cognizable.  See Hilton v. Lantz, No. 3:08-CV-1857(RNC), 2009 WL 2195109, at *2 (D. Conn. Jul. 23, 2009) (citing cases).

[2] The Court notes that the state docket indicated that the petitioner's case has been scheduled for a pretrial conference on June 16, 2010.  See Galarza v. Benedict, No. FBT-CV05-4005243-S, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FBTCV054005243S (last visited May 26, 2010).

petitioner's favor on due process claim relating to collateral proceeding in state court would not result in petitioner's release because court was not reviewing any issue pertaining directly to conviction or detention).

The petitioner specifically states in his petition that he is not challenging his conviction.  Thus, his petition is not cognizable under section 2254.  There is no claim for which the Court could excuse the exhaustion requirement and no relief that can be granted.

The petition for writ of habeas corpus [Doc. #1] is DENIED.  The Court concludes that the petitioner does not present a question of substance for appellate review and any appeal from this order would not be taken in good faith. Accordingly, a certificate of appealability will not issue.

                              IT IS SO ORDERED.

                              /s/
                          Vanessa L. Bryant
                          United States District Judge

Dated at Hartford, Connecticut this 26th day of May, 2010.